### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET FITZGERALD and <br> JOHN FITZGERALD, h/w <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL EXPRESS CORPORATION <br><br> Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 02CV4762 |

### ANSWER OF DEFENDANT
### <u>FEDEX CORPORATION</u>

Defendant FEDEX CORPORATION (incorrectly sued as "FEDERAL EXPRESS CORPORATION" and hereinafter "FEDEX"), by and through its attorneys, Pepper Hamilton LLP and Condon & Forsyth LLP, for its Answer to plaintiffs' Complaint ("Complaint"), alleges upon information and belief as follows:

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.  Denies the allegations in paragraphs 2 and 3 of the Complaint, except admits that FEDEX is a Delaware corporation with its principal office in Memphis, Tennessee, and that FEDEX has a registered agent for service of process in Pennsylvania. FEDEX states that it leaves all questions of law to be decided by the Court.

3.  Denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraphs 4, 5, 6, 7, 8, 10 and 11 of the Complaint. FEDEX states that it leaves all questions of law to be decided by the Court.

4. Denies the allegations in paragraphs 9, 12, 13, 14 and 15 of the Complaint. FEDEX states that it leaves all questions of law to be decided by the Court.

## AS TO COUNT I

5. Answering paragraph 16 of the Complaint, FEDEX repeats, reiterates and realleges each and every admission, allegation and denial in paragraphs 1 through 4 of this Answer as if set forth fully and at length herein.

6. Denies the allegations in paragraphs 17, 18, 19 and 20 of the Complaint.

## AS TO COUNT II

7. Answering paragraph 21 of the Complaint, FEDEX repeats, reiterates and realleges each and every admission, allegation and denial in paragraphs 1 through 6 of this Answer as if set forth fully and at length herein.

8. Denies the allegations in paragraphs 22 and 23 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The Complaint fails to state a claim against FEDEX upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Plaintiffs' damages, if any, resulted from the acts or omissions of parties other than FEDEX and for whom FEDEX is not responsible and, therefore, FEDEX is not liable to plaintiffs or, alternatively, FEDEX's liability to plaintiffs is partial only and should be reduced in accordance with applicable law.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

11. The damages allegedly sustained by plaintiffs were caused or contributed to by plaintiff JANET FITZGERALD's own negligence or culpable conduct and, therefore, FEDEX is not liable to plaintiffs for any such damages or, alternatively, the amount of damages recoverable by plaintiffs must be diminished in the proportion which the negligence or culpable conduct attributable to plaintiffs bears to the negligence or culpable conduct which caused the damages.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

12. The damages allegedly sustained by plaintiffs were not proximately caused by any negligence or culpable conduct on the part of FEDEX.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

13. FEDEX is not liable to plaintiffs because plaintiff JANET FITZGERALD assumed the risk of her injuries.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

14. In the event that any person or entity liable or claimed to be liable for plaintiffs' injuries has been given or hereafter is given a release or covenant not to sue, FEDEX's liability, if any, should be reduced in accordance with applicable law.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

15. Plaintiffs' claims are barred or limited by plaintiff JANET FITZGERALD's own negligence pursuant to the doctrine of contributory negligence or the Comparative Negligence Act, 42 Pa.C.S.A. § 7102.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

16. Plaintiffs have failed to mitigate their damages, if any, and plaintiffs are therefore barred from recovering any such damages from FEDEX.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

17. This action should be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404.

18. WHEREFORE, defendant FEDEX CORPORATION demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements of this action and such other and further relief which this Court deems just and proper.

PEPPER HAMILTON LLP
Christopher W. Wasson, Esq.
Eugene J. Kuzinski, Esq.
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

and

CONDON & FORSYTH LLP
Andrew J. Harakas, Esq.
A Member of the Firm
685 Third Avenue
New York, New York 10017
(212) 490-9100

Attorneys for Defendant
Dated: July 24, 2002    FEDEX CORPORATION

## CERTIFICATE OF SERVICE

I, hereby certify that I caused a true and correct copy of the foregoing Answer of Defendant FedEx Corporation to be served via first-class mail, on this 24th day of July, 2002, on the following address:

>Mr. Theodore J. Caldwell, Jr.
>Litvin, Blumberg, Matusow & Young
>Attorneys for Plaintiffs
>The Widener Building, 18th Floor
>1339 Chestnut Street
>Philadelphia, Pennsylvania 19107
>(215) 557-3316

_____
Christopher W. Wasson